## Daggy and Others *v.* Green and Others.

The board of commissioners of a county, under the provisions of 1 R. S. pp. 310, 313, 316, §§ 15, 27, and 46, have no jurisdiction of a petition for a new

May Term, 1859.

DAGGY
v.
GREEN.

Monday,
May 30.

road, unless it be shown affirmatively therein that the proposed highway will run "into more than one township."

A report made by viewers of a proposed highway, who own land along the same, is a nullity.

APPEAL from the *Starke* Circuit Court.

DAVISON, J.—*Amasa Green* and others presented their petition to the board of commissioners of *Starke* county, for the location of a county road, "beginning at the bridge at *Piqua;* thence on the road to the *Pine* creek bridge; thence south-west to the south-west corner of section sixteen; thence on said line running west to the south side of *Jones's* farm; thence south-west until it runs one mile south; and thence on said section line until it strikes the county line between the counties of *Starke* and *Jasper.*"

Viewers were appointed, who, at the *June* term, 1857, made report that they had viewed and laid out the road, &c., and that the same when opened would be of public utility.

Whereupon *Daggy* and others remonstrated against so much of the road as run through their lands west of the railroad, in *Railroad* township, in said county, alleging that the same, as viewed and laid out, would, when opened, greatly injure and damage their lands, &c.; and they pray that so much thereof as is located west of said railroad be rejected, &c.

The record avers that the board, after due deliberation, &c., confirmed the report of the viewers, and ordered the road to be opened, &c.

The remonstrators appealed. In the Circuit Court, they moved to dismiss the petition; but their motion was overruled. Thereupon the cause was submitted to a jury, who, after hearing the evidence, &c., and having retired, &c., returned the following verdict:

" We, the jury, find that the proposed highway, as described in the petition, is of public utility; and that said *Daggy* has sustained no damage. We further find that the petitioners are not freeholders, six of whom reside in the immediate neighborhood of the proposed highway.

And further, we find that *James Tucker, Edward Tucker,* and *George Green,* the viewers, who made the report, &c., are owners of land along the proposed highway."

And the Court, having refused a new trial, adjudged that the proposed highway is of public utility; that the remonstrators, by reason of it, have sustained no damage; and that the same be established and opened in accordance with the description thereof in the petition; and that this order be certified to the board, &c.

By an act relative to the opening, &c., of highways, it is provided that—

1. Any person may have a highway laid out in any township, by the petition of twelve freeholders residing therein, to the trustees of such township.

2. Whenever twelve freeholders of the county, six of whom shall reside in the immediate neighborhood of the highway proposed to be located, &c., shall petition the board of commissioners, &c., for the location, &c., running into more than one township; such board, if they shall be satisfied, &c., shall appoint three persons to view such highway.

3. No person owning lands along any proposed highway, shall be competent to act as a viewer or reviewer thereof. 1 R. S. pp. 310, 313, 316, §§ 15, 27, 46.

The petition, as we have seen, fails to show that the proposed highway, when located, would run "into more than one township;" hence, it is insisted that, upon the case which it presents, the commissioners had no authority to act; and, consequently, the appeal was not triable in the Circuit Court.

This position seems to be correct. The commissioners have no right to proceed in any case, unless, as presented, it rests within the statute giving them jurisdiction. 10 Ind. R. 358. Tested by this rule, the petition before us is obviously defective; because it fails to aver that the proposed highway ran into more than one township. Without such averment, the commissioners had no power to appoint the viewers.

There is, however, another reason why these proceed-

Vol. XII.—20

ings cannot be supported. It appears affirmatively that the persons appointed as viewers owned real estate along the proposed highway, and were, therefore, incompetent to discharge the duties of such appointment. Section 46, *supra.* It follows that their report was a nullity; and, in sequence, the order of the Circuit Court erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Daggy*, for the appellants.

*J. O'Brian*, for the appellees.